UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GASTON WILKES,<br>    Plaintiff,<br>v.<br>RIDGEWAY,<br>    Defendant. | Case No. 16-cv-02401-JD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 35 |

Plaintiff, a former detainee proceeding pro se, has sued under 42 U.S.C. § 1983 alleging that the sole defendant in this case refused to transfer plaintiff to a treatment program and as a result he suffered medical injuries. Defendant filed a motion for summary judgment, and plaintiff, while represented by counsel, filed an opposition. The motion is granted.[1]

**BACKGROUND**

The following facts are undisputed unless otherwise noted:

Plaintiff was convicted of felony assault on August 7, 2013, in San Francisco Superior Court case number 221026. Motion for Summary Judgment ("MSJ"), Paulson Decl. Ex. C at 1. As a result he was placed on probation. *Id*. On February 16, 2016, plaintiff admitted a probation violation. *Id*. at 2; Request for Judicial Notice ("RJN") Ex. A. As a condition of continuing on probation, plaintiff was ordered to participate in the Wistar residential treatment program. *Id*. Plaintiff was taken to a detox facility as a requirement for placement at Wistar. MSJ, Collins

---

[1] The Court will not consider plaintiff's retaliation and Americans with Disabilities Act arguments, because those claims were previously dismissed.

United States District Court
Northern District of California

Decl. Ex. A, Depo. at 36. Plaintiff left the detox facility without permission and never reported to Wistar, so a bench warrant was issued. MSJ, Paulson Decl. Ex. C at 2. Plaintiff was arrested and on March 24, 2016 appeared in court on the probation violation and was remanded to custody. *Id.*; RJN Ex. C. On April 8, 2016, plaintiff admitted another probation violation. RJN Exs. D, E. The sentence imposed by the trial court for the probation violation was a negotiated disposition between plaintiff's attorney and the district attorney's office. RJN Ex. E. Plaintiff, as a new condition of probation, was to serve eighteen months in county jail which could be served in the residential treatment program at Wistar. *Id.* The trial court signed the order for plaintiff's transfer to Wistar on April 12, 2016. RJN Ex. F.

Defendant is a captain with the San Francisco Sheriff's Department ("SFSD"). MSJ, Paulson Decl. ¶ 1. Following a risk assessment of plaintiff by the SFSD, defendant refused to transport plaintiff to Wistar. *Id.* ¶ 5. Defendant and the SFSD believed that plaintiff had a high risk of absconding again and creating a community safety concern. *Id.* Defendant reached this decision based on plaintiff's ineligibility for the program due to the underlying felony conviction; plaintiff's seven probation violations; the multiple sentence modifications with five bench warrants on this case alone; plaintiff ineligibility for alternative programs because of his requirements to register as a sex offender; plaintiff's statewide criminal history which was so extensive that it revealed a strong amount of risk for recidivism; and plaintiff's failure to complete three previous attempts at Wistar (January 10, 2014, January 13, 2015, February 19, 2016.) *Id.*

On May 13, 2016, a hearing was held and the trial court agreed that the decision to refuse to transport plaintiff was within the discretion of the SFSD. RJN Ex. G. Plaintiff became angry and had to be removed from the courtroom. *Id.* Plaintiff's counsel requested to withdraw, which was granted by the trial court. *Id.* On May 20, 2016, plaintiff appeared with new counsel. RJN Ex. H. Plaintiff appeared again on May 27, 2016, and once again had to be removed from the courtroom. RJN Ex. I.

On June 24, 2016, the trial court determined that the sentence that had been imposed on April 8, 2016 for the probation violation was not lawful and allowed plaintiff to withdraw his admission to the violation. RJN Ex. J. Plaintiff entered a new probation violation admission and

received credit for the time served in custody and it was planned that he would be released the following Monday. *Id.* Plaintiff was released on June 28, 2016, and voluntarily entered Wistar that day. MSJ, Collins Decl. Ex. A, Depo. at 18.

**LEGAL STANDARD**

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id*. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id*. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id*. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**DISCUSSION**

This action continues solely on the claim that defendant was deliberately indifferent to plaintiff's serious medical needs by refusing to transfer him to the Wistar program. It is undisputed that approximately two months after defendant refused to transfer plaintiff to the program, plaintiff was released from custody and entered the program. In the motion for summary judgment defendant noted that plaintiff has not presented any evidence that there was an Eighth Amendment violation or that he was denied any pertinent medical treatment. In the attorney

4

prepared opposition, plaintiff failed to present any evidence to support an Eighth Amendment violation. Even if plaintiff's attorney had presented medical evidence, mere delay in providing care without more is insufficient to constitute deliberate indifference. *See Estelle*, 429 U.S. at 105-07. Summary judgment is granted to defendant.

Defendant is also entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Id*. at 205. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*). The Court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236.

It would not be clear to a reasonable official that it would be unlawful to deny plaintiff's transfer to the residential treatment program due to plaintiff's underlying felony conviction, seven probation violations and modifications with five bench warrants, and his three previous failures to complete the same program in the preceding two years. Moreover, plaintiff presents no specific arguments as to how defendant was deliberately indifferent to his serious medical needs.

**CONCLUSION**

1. Defendant's motion for summary judgment (Docket No. 35) is **GRANTED**.[2]

---

[2] To the extent plaintiff seeks to proceed with any state law claims, the Court declines to exercise

5

2. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: August 8, 2018

JAMES DONATO
United States District Judge

---

supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GASTON WILKES,<br><br>    Plaintiff,<br><br>    v.<br><br>RIDGEWAY, et al.,<br><br>    Defendants. | Case No. 16-cv-02401-JD<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on August 8, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Gaston Wilkes
1415 Harrison St., #515
Oakland, CA 94612

Dated: August 8, 2018

                              Susan Y. Soong
                              Clerk, United States District Court


                              By: /s/ Lisa R. Clark
                              LISA R. CLARK, Deputy Clerk to the
                              Honorable JAMES DONATO